## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| **RICARDO HECTOR ABELLAN and TRINIDAD ALBA NAVARRO De ABELLAN, Trustee of the Abellan Family Trust,** | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | Case No. 16-1037 |
| **HRDS Le ROY IL, LLC, LAVELO PROPERTY MANAGEMENT, LLC, CSJR PHOENIX, AZ, LCC, LENOID CHERNOY, DAVID ZACHARIA, DZ NET LEASE REALTY, LCC, and JC 123 HOLDING, LLC,** | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION

This matter is now before the Court on the Motion for Entry of Final Judgment (ECF No. 105) filed by Plaintiff Ricardo Hector Abellan, in his capacity as Trustee of the Abellan Family Trust ("Plaintiff ) and the Motion for Remittitur (ECF No. 112) filed by Defendants HRDS Le Roy IL, LLC, Lavelo Property Management, LLC, and Leonid Chernoy ("Defendants"). For the reasons stated herein, Plaintiff's Motion for Entry of Final Judgment is GRANTED IN PART and DENIED IN PART and Defendants' Motion for Remittitur is GRANTED. Judgment will be entered forthwith.

## BACKGROUND

Between June 13, 2018, and June 19, 2018, this case was tried before a jury. Plaintiff claimed, among other things, that HRDS Le Roy, IL, LLC (which had been dissolved and no longer exists), and its successor Lavelo Property Management, LLC (together, "HRDS"), and

its manager, Leonid Chernoy, breached their Purchase Agreement[1] for the sale of the property located at 419 S. Chestnut, Le Roy, Illinois 61752 (the "Property"). (ECF No. 95 at 2.). Plaintiff also made a claim for rescission of the Purchase Agreement based on breach of contract, mutual mistake, and fraud. The Jury rendered a verdict in favor of Plaintiff and against Defendant, finding: (1) Plaintiff proved by clear and convincing evidence that he and HRDS were both mistaken about a fact material to the Purchase Agreement (ECF No. 100 at 1); (2) Plaintiff proved by a preponderance of the evidence that HRDS breached the Purchase Agreement and that Plaintiff sustained damages in the amount of $1,990,011.72 as a result of the breach (ECF No. 100 at 2-3); and (3) Plaintiff proved by clear and convincing evidence that HRDS committed fraud. Additionally, the jury failed to award Plaintiff any monetary damages as a result of HRDS' fraudulent conduct (ECF No. 100 at 4).

The Parties have now filed these Motions. Plaintiff, for his part, seeks the entry of final judgment in the amount awarded by the jury, as well as acknowledgement that he is entitled to recession, despite the fact that Plaintiff has elected to receive a monetary damages award. Defendants contend that the Court need not address Plaintiff's election of remedies argument, and also assert that a remittitur of the jury award is necessary considering the evidence presented at trial. The matters are fully briefed and this Order follows.

Plaintiff's argument on rescission requires the Court to analyze the concept of "election of remedies" and apply that concept to this case. Defendants argue that "[s]ince Plaintiff's motion appears to state that [Plaintiff] seeks [a] remedy of damages for breach of contract[;] [Plaintiff] is . . . asking the Court to issue an [A]dvisory [O]pinion regarding rescission[,] which

---

[1] The Purchase Agreement was defined as "the contract dated May 15, 2015 for the sale of the Property to Mr. Abellan by HRDS, and the assignment of the Lease to Mr. Abellan pursuant to the Assignment Agreement (as those terms are defined herein." (ECF No. 99 at 5). The Lease was defined as "the lease agreement dated July 10, 2013 with MIH Start HD, LLC as the Tenant for the Property, which was assigned to and assumed by MR. Abellan from HRDS." *Id*. The Assignment Agreement was defined as "the agreement dated June 9, 2015 for the assignment of the Lease (as that term is defined herein) from HRDS to MR. Abellan, and assumed by Mr. Abellan as contemplated by the terms of the Purchase Agreement." *Id*.

the Court should not undertake." (ECF No. 112 at 3). Plaintiff confusingly counters that he is not advocating for an Advisory Opinion, but rather "is asking for [a] Final Judgment that reflects his entitlement to rescission *and* . . . an award of the actual damages found by the [j]ury . . . for breach of contract, in lieu of the Court ordering the rescission *and* restitution damage[s] that Plaintiff is entitled to." (ECF No. 113 at 2) (emphasis added).

Plaintiff, however, is not entitled to both the jury's monetary award and rescission. *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 984 F.2d 223, 229 (7th Cir. 1993); *see also PHL Variable Ins. Co. v. Robert Gelb Irrevocable Trust,* No. 10 C 957, 2010 WL 4363377, at *3 (N.D. Ill. Oct. 27, 2010) (quoting *Lempa v. Finkel,* 663 N.E.2d 158, 163 (Ill. App. Ct. 2nd Dist. 1996) ("[a] remedy based on affirmance of a contract (e.g., damages) is generally inconsistent with one based on the disaffirmance of the contract (e.g., rescission)."). And while this Court recognizes that rescission may be appropriate in situations of mutual mistake, fraud, or breach of contract, *Horwitz v. Sonnenschein Nath & Rosenthal LLP,* 926 N.E.2d 934 (Ill. App. Ct. 1st Dist. 2010); it is also cognizant that "[a]n equitable remedy [e.g., rescission] is not available where there is an adequate remedy at law." *Newton v. Aitken*, 633 N.E.2d 213, 216 (Ill. App. Ct. 2nd Dist. 1994) (citing *Scott & Fetzer Co. v. Montgomery Ward & Co.*, 473 N.E.2d 421 (Ill. App. Ct. 1st Dist. 1984)).

Plaintiff does not dispute that he has an adequate remedy at law. In fact, in support of that proposition, Plaintiff asks this Court to enter judgment in his favor in the amount determined by the jury. In addition to his demand for a monetary award, Plaintiff requests that the Court determine whether Plaintiff would also be entitled to rescission based on the evidence presented at trial. Plaintiff supports his requests by arguing, "dismissal with prejudice of any of Plaintiff's claims [on which] he prevailed . . . would not be a proper mechanism for memorializing Plaintiff's election of [remedies][,] or for preserving for appeal the determination that Plaintiff is entitled to rescission and restitution damages based on the Jury

Verdict." (ECF No. 113 at 3). Plaintiff continues to argue that since he "prevailed on all counts under the Jury Verdict, he is entitled to a Final Judgment that expressly states he is entitled to rescission and restitution damages." (ECF No. 113 at 2). Whether rescission is appropriate, however, is a determination of the district court, not the jury. *Roberts v. Sears, Roebuck & Co.*, 617 F.2d 460, 463 (7th Cir. 1980); *see also Medcom Holding Co.*, 984 F.2d at 229 ("[W]hen a case presents mixed questions of law and equity, a jury will determine the legal questions before a judge will determine equitable issues.").

At the end of the day, this Court must resolve certain factual disputes in order to determine the ultimate issue presented; that is, whether rescission is appropriate when a jury has already awarded monetary damages on a breach of contract claim. Specifically, this Court finds that Plaintiff established, by clear and convincing evidence, that there was a mutual mistake in the formation of the contract. In order to prove a mutual mistake of fact that provides a basis for equitable relief, Plaintiff must demonstrate:

1. That both parties were mistaken about a material matter affecting the substance of the transaction. A material matter is one that is essential to one of the parties, is mutually agreed upon and understood by both parties to be material to the party, and must related to a past or present fact material to the contract; and

2. That the mutual mistake must exist at the time the transaction concluded;

3. That the mutual mistake occurred despite the exercise of reasonable are by the party seeking to rescind the contract.

(See ECF No. 99, Jury Instructions); *see also United States v. Southwestern Electric Cooperative, Inc.*, 869 F.2d 310, 314 (7th Cir. 1989).

Based on the record before the Court, the Court makes the following findings as to Plaintiff's claim for rescission: Lavelo Property Management, LLC, as successor to HRDS Le Roy IL, LLC (together, "HRDS") and Plaintiff were both mistaken about a fact material to the Purchase Agreement. Among other things, the record demonstrates the Parties were operating under the misunderstanding that the tenant, MIH Star HD, had a franchise agreement with CKE.

Chernoy testified as such, as did the representatives of Plaintiff. (ECF No. 110 at 215) and (ECF No. 107 at 105-106). Additionally, there was a mutual misunderstanding that the tenant had previously operated a restaurant at that address. The Court also finds there was no franchisee agreement between MIH Star HD and CKE. Undoubtedly, this misunderstanding was material to the formation of the contract, and the evidence at trial included written material from Defendants touting the tenant's franchise status with CKE (ECF No. 104, Ex. 5-6), as well as the Plaintiff's testimony of the importance of this fact. (ECF No. 107 at 94-100). Finally, the record demonstrates that Plaintiff exercised reasonable care with respect to the investigation into the property. Plaintiff received assurance from Defendants that the tenant was a franchisee and fabulous tenant. (ECF No. 104, Ex. 5-6; *see also* ECF No. 110 at 66) Defendants had been in business with the tenant prior to the sale of the property. (ECF No. 110 at 66). Parenthetically, Defendants' counsel asked Ms. Kane about the adequacy of the investigation regarding the property, to which she replied everything was done "by the book." (ECF No. 110 at 57). Under the totality of the circumstances, it was reasonable for Plaintiff to rely on the Defendants.

As for the fraud claim, the issue is more tenuous. The jury did conclude that Defendants engaged in some type of fraud. However, the jury also found that Plaintiff was not entitled to damages. Given this result, and the Court's own review of the facts, this Court cannot find a basis to find rescission appropriate under a theory of fraud.

Considering this Court's finding on the issue of mutual mistake, the Court also finds rescission to be inappropriate. Again, the law is clear on the issue, as "rescission is essentially an equitable remedy, [and] will not ordinarily be invoked where money damages—in this case damages for breach of contract—will adequately compensate a party to the contract. *See* 17B C.J.S. Contracts §§ 467, 476 (1999); *Dow Chemical Co. v. United States*, 226 F.3d 1334, 1345–46 (Fed. Cir. 2000). Lastly, there is no argument here that the damages award for breach of

contract is inadequate. Should the breach of contract award be vacated at a later time, the Court would have the opportunity to reconsider whether rescission would be appropriate. On this record, however, the Court finds that rescission is not appropriate.

Defendants' Motion for Remittitur (ECF No. 112) is also before the Court. In their Motion, Defendants argue the jury award for Plaintiff's breach of contract claim is excessive and surpasses Plaintiff's own request for damages in a lesser amount. *Id.* at 5. Defendants specifically contend that the jury erroneously awarded Plaintiff damages for loss of future rent payments in the amount of $700,670, and that such an award is contrary to established law. *Id.* at 8. In Plaintiff's Response (ECF No. 113), Plaintiff concedes that should the Court determine the jury verdict "grossly excessive" and bearing no rational connection to the evidence, he is willing to accept a remitter in the amount $700,670 and a Final Judgment of $1,289,341.72, plus interest, fees and costs. *Id.* at 3.

In Illinois, "[W]hile damages may not be predicated on mere speculation . . . absolute certainty concerning the amount of damage is not necessary to justify a recovery where the existence of damage is established; the evidence need only tend to show a basis for the computation of damages with a fair degree of probability." *In re Busse*, 464 N.E.2d 651, 655 (Ill. App. Ct. 1st Dist. 1984) (citing *Posner v. David,* 395 N.E.2d 133, 138 (Ill. App. Ct. 1st Dist. 1979)). Additionally, Illinois law dictates that "[a] trial judge may vacate a jury's verdict for excessiveness only when the award [is] 'monstrously excessive' or . . . has 'no rational connection to the evidence.' " *Holmes v. Elgin, Joliet & Eastern Railway Co.*, 18 F.3d 1393, 1395 (7th Cir. 1994). "The trial court may [also] take into account whether the award is out of line when compared to other awards in similar cases." *Id.* at 1396 (citing *Frazier v. Norfolk & Western Railway Co.*, 996 F.2d 922, 925 (7th Cir. 1993)). "Lastly, '[w]here the jury's award falls within the flexible range of conclusions reasonably supported by the evidence, the court should not grant a remittitur.' " *Hareas v. Herman*, No. 1-10-1439, 2010 WL 9115642, at *10

(Ill. App. Ct. May 17, 2010) (quoting *Martinez v. Elias*, 922 N.E.2d 457, 469 (Ill. App. Ct. 1st Dist. 2009)).

In the situation at hand, the jury award fails to maintain a rational connection to the evidence presented on Plaintiff's breach of contract claim, and it may be considered "monstrously excessive," as it represents a nearly 55% windfall to Plaintiff and falls outside the flexible range of conclusions reasonably supported by the evidence. With regard to calculating direct damages on his breach of contract claim, Plaintiff instructed the jury:

> [Plaintiff] wants his purchase price back. What he intended to buy, what he was told and represented . . . he would get for his money was a valuable piece of property with a valuable tenant with a valuable lease. And he didn't get that . . . . So, the value of what he bought was what was represented. He had to pay money afterward, which we've already gone over, and so he's incurred this a million six. Well, if he can't give the property back, then he'll keep the money. What's the property worth? He said it was 321,000. And by the way, you heard testimony from Miss Kane that that's exactly what the tax appraiser says[;] 321,000. So, that's a valid method of recovery.

(ECF No. 111 at 951.)

Speculatively, the jury conflated the damages calculation presented by Plaintiff on his breach of contract claim (in the amount of $1,289,341.72 (*see* Pl.'s Ex. 41F)), with the damages calculation presented by Plaintiff on his fraud/deceit claim (in the amount of $1,990,011.72 (*see* Pl.'s Ex. 41G)), and subsequently failed to subtract the current market value of the property. As the Court and the parties are well aware, the jury also found in favor of Plaintiff on his fraud claim, but failed to award him any monetary damages. (ECF No. 100 at 23-24.) Moreover, during the Court's August 7, 2018 Status Conference, Plaintiff's counsel conceded that Plaintiff failed to present *any* evidence which would justify the jury awarding him damages in the amount of $1,990,011.72 on his breach of contract claim. Plaintiff's counsel added (correctly) that the damages calculation that Plaintiff presented on his breach of contract claim was for an award in the amount of $1,289,341.72. Thus, this Court adopts the proposition that the jury award "bears no rational connection to the evidence" presented; sets aside the jury

7

verdict as excessive; and grants Defendants' Motion for Remittitur in the amount of $700, 670, for a total jury award of $1,289,341.72. *See Abernathy v. Superior Hardwoods, Inc*., 704 F.2d 963, 971 (7th Cir. 1983) ("We therefore would not set aside a jury's verdict as excessive *unless* there was no rational connection between the evidence on damages and the verdict-unless, in other words, the verdict was 'monstrously excessive.' ") (emphasis added).

## **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Entry of Final Judgment is GRANTED IN PART and DENIED IN PART and Defendants' Motion for Remittitur is GRANTED. Judgment will be entered forthwith.

Entered this 10th day of August 2018.

                                                                    /s/Michael M. Mihm
                                                                    Michael M. Mihm
                                                      United States District Judge