# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| **RICARDO HECTOR ABELLAN and TRINIDAD ALBA NAVARRO DE ABELLAN, TRUSTEES OF THE ABELLAN FAMILY TRUST,** ) ) ) ) ) | Case No. 1:16-cv-01037-MMM-JEH |
| **Plaintiff,** ) ) | |
| v. ) ) | District Judge Michael M. Mihm |
| **HRDS LE ROY IL, LLC, LAVELO PROPERTY MANAGEMENT, LLC, CSJR PHOENIX AZ, LLC, LEONID CHERNOY, DAVID ZACHARIA, DZ NET LEASE REALTY, LLC, and JC123 HOLDINGS, LLC,** ) ) ) ) ) ) ) ) | Magistrate Judge Jonathan E. Hawley  **JURY TRIAL DEMANDED** |
| **Defendants.** ) | |

## PLAINTIFF'S MOTION TO REGISTER JUDGMENT IN ANOTHER DISTRICT

Pursuant to 28 U.S.C. § 1963, Plaintiff Ricardo Hector Abellan, as Trustee of The Abellan Family Trust ("Plaintiff" or "Mr. Abellan"), files his Motion to Register Judgment in Another District, as follows:

### I. Basis of Motion to Register Judgment in Another District, Pursuant to Local Rule 7.1(B)(1)

1. On August 14, 2018, Plaintiff obtained and now has a Judgment against Judgment-Debtor Lavelo Property Management, LLC ("Lavelo" or "Judgment-Debtor") for the sum of $1,289,341.72, along with costs of suit (ECF Doc. 115), which was corrected for clerical error on August 30, 2018 in an Amended Judgment (ECF Doc. 129). On November 30, 2018, the Court issued its Memorandum Opinion and Order (ECF Doc. 144) that granted in part Plaintiff's Motion for Attorneys' Fees and Costs (ECF Doc. 122) and Plaintiff's Bill of Costs

(ECF Doc. 128) and awarded Plaintiff an additional $164,079.98 in prejudgment interest, $627,702.15 in attorneys' fees as the prevailing party, and $29,061.28 as costs taxable against Lavelo, for a total award of $2,110,185.13. The Court issued a Second Amended Judgment on November 30, 2018 incorporating this additional relief granted by Court Decision (ECF Doc. 145) (collectively, the "Judgment").

2. Plaintiff is the Judgment-Creditor in this case and continues to own the Judgment.

3. The Judgment has not been paid in full or in part, nor has it been suspended by a supersedeas bond, and it has not become dormant.

4. By his Motion to Register Judgment and pursuant to 28 U.S.C. § 1963, Plaintiff moves the Court, which entered the Judgment, for an order allowing Plaintiff to register his Judgment in another district, including the Eastern District of New York where Lavelo's principal place of business is located, during the pendency of the appeal filed by Lavelo and in light of Lavelo's failure to post a supersedeas bond.

## II. Memorandum of Law in Support of Motion to Register Judgment in Another District

**A. The Judgment may be Registered in Another District during the Pendency of Lavelo's Appeal.**

As the basis for the relief Plaintiff seeks, 28 U.S.C. § 1963 states:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

In this case, the Judgment against Lavelo is on appeal (ECF Docs. 151, 154), making registration possible "when ordered by the court that entered the judgment for good cause

shown."  This District Court therefore possesses the power during the appeal to authorize execution if Lavelo, as appellant, does not pond a bond, and may make findings that under 28 U.S.C. § 1963 authorize execution in another district.[1]  The Court must assume the facts stated in this motion to be true except where contested by Lavelo.[2]

**B.   Plaintiff has Demonstrated Good Cause for the Court for an Order Allowing Plaintiff to Register the Judgment in Other Districts.**

   **1.   Lavelo has Not Posted a Supersedeas Bond.**

This District Court is authorized to make the Judgment immediately enforceable, and to direct Lavelo to either put up a bond or suffer execution.[3]  The Seventh Circuit has explicitly agreed that the "good cause" language was intended "to deal with the anomaly that a judgment for which no supersedeas bond has been posted was enforceable during appeal only in the rendering district."[4]

Here, Lavelo filed its Notice of Appeal on December 21, 2018 (ECF Doc. 151), which was docketed by the Court of Appeals for the Seventh Circuit (ECF Doc. 154), and since that time has failed to post a supersedeas bond or other bond or security to stay execution on the Judgment or proceedings to enforce it as required by Federal Rule of Civil Procedure 62(b).  The lack of a supersedeas bond or other proffered security is a critical consideration in finding that

---

[1] *Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 371 (7th Cir. 1991) (citing *Trustees of Chicago Truck Drivers v. Central Transport, Inc.*, 935 F.2d 114 (7th Cir. 1991)) ("A court with jurisdiction to authorize execution if the appellant does not post a bond—power a district court possesses during an appeal—also may make the findings that under § 1963 authorize execution in another district. The statute calls on a district judge to make 'good cause' findings while an appeal is pending.").

[2] *First Options of Chicago, Inc. v. Polonitza*, No. 88 C 2998, 1991 WL 2408, at *1 (N.D. Ill. Jan. 4, 1991) ("The burden is on plaintiff to show good cause. Although plaintiff has not attached any affidavit or other supporting material to its motion, the facts stated in its motion will be assumed to be true except where contested by defendant.").

[3] *Pacific Reinsurance Mgmt. Corp. v. Fabe*, 929 F.2d 1215, 1218 (7th Cir. 1991).

[4] *Chicago Downs*, 944 F.2d at 371 (quoting *Pacific Reinsurance Management Corp. v. Fabe*, 929 F.2d 1215 (7th Cir. 1991)).

good cause exists for Plaintiff to register his Judgment in other districts.[5]

### 2. Lavelo owns Substantial Property in Other Districts.

The Court has discretion under 28 U.S.C. § 1963 to hold that "good cause" is satisfied upon the Plaintiff's showing that the Judgment-Debtor has substantial property in another district and insufficient assets in the rendering district to satisfy the Judgment.[6]

In this case, Lavelo's members conduct their business principally in Brooklyn, New York,[7] which sits in the Eastern District of New York. Since entry of the Judgment, Lavelo has produced documents, including state and federal income tax returns, internal financial statements, and LLC agreements for its single-asset investment LLCs, that evidence that Lavelo holds assets in numerous states outside of the Central District of Illinois that are sufficient to satisfy the Judgment. It is undisputed from these documents and from Mr. Chernoy's testimony on behalf of Lavelo in his post-judgment deposition on December 13, 2018 that the assets of Lavelo located in other districts presently have a value in excess of the Judgment.

Furthermore, Lavelo cannot demonstrate that it has sufficient assets in the Central District of Illinois with which to satisfy the Judgment. At trial and in his post-judgment deposition on December 13, 2018, Mr. Chernoy testified that the majority of the single-asset investment LLCs located in the state of Illinois are not operating locations with a consistent revenue source from a paying tenant. Under these circumstances, Plaintiff has a reasonable basis

---

[5] *See Polonitza*; *Fabe*; and *Chicago Downs* (in each case finding "good cause" to register judgment in another district due to defendant's failure to post or proffer a bond or other security).

[6] *First Options of Chicago, Inc. v. Polonitza*, No. 88 C 2998, 1991 WL 2408, at *1 (N.D. Ill. Jan. 4, 1991) (citing Siegel, *Commentary on 1988 Revision*, 28 U.S.C.A. § 1963 (West Supp.1990)) ("Good cause here would of course include a showing that the defendant plans to remove property from the other district, but that may require more evidence than it is fair to exact of a plaintiff (judgment creditor) who has, after all, already prevailed at trial level on the merits of his claim. The court should have leeway under this new provision to permit the registration on a lesser showing—mere showing that the defendant has substantial property in the other district and insufficient in the rendering district to satisfy the judgment.").

[7] ECF Doc. 152, p. 1.

to believe that unless the Court either orders Lavelo to post a bond or security or allows Plaintiff to register his Judgment elsewhere, his Judgment is at risk due to insufficient assets being located in the Central District of Illinois, and the possibility that Lavelo may transfer or conceal such property otherwise necessary to satisfy the judgment if given time to do so. In the absence of a bond and in light of the conditions set forth herein, the Court in its discretion should find that Plaintiff's Motion constitutes "good cause" for registration of the Judgment in other districts under § 1963.[8]

### III.    Prayer

WHEREFORE, Judgment Creditor Mr. Abellan respectfully requests that the Court grant his Motion to Register Judgment in Another District, and make findings of "good cause" for registration of the Judgment in this case in other districts pursuant to 28 U.S.C. § 1963 (a proposed order is attached hereto as **Exhibit "A"**), and further requests that he be granted such other and further relief to which he may be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**
By: */s/ Robert N. LeMay*
   Robert N. LeMay
   rlemay@krcl.com
   *Admitted Central District of Illinois*
   Jaime M. DeWees
   jdewees@krcl.com
   *Admitted Central District of Illinois*
   3700 Thanksgiving Tower
   1601 Elm Street
   Dallas, Texas  75201
   Tel: (214) 777-4200

---

[8] *Chicago Downs*, 944 F.2d at 372 (affirming district court's finding that "good cause" existed for registration of judgment against Chase in other districts under § 1963 under circumstances where "Chase owns no property in the district in which the deciding district court sits, that Chase does own substantial property in other districts, that Chicago Downs fears that Chase can and may transfer or conceal such property otherwise necessary to satisfy the judgment if given time to do so, that registering judgment will forestall his ability to do so, and that Chase declined the possible alternative of posting a supersedeas bond.").

Fax: (214) 777-4299

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.3(C) and the Federal Rules of Civil Procedure, the undersigned certifies that on the 17th day of January, 2019, a true and correct copy of the foregoing was served to all counsel of record and parties listed below.

**Via ECF**
Alan I. Becker
becker@litchfileldcavo.com
Ryan Donald Janski
janski@litchfieldcavo.com
Litchfield Cavo LLP
303 West Madison Street, Suite 300
Chicago, IL 60606-3300

**ATTORNEYS FOR DEFENDANTS**

*/s/ Robert N. LeMay*
Robert N. LeMay